**O'BRIEN, BELLAND & BUSHINSKY, LLC**

1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:    Steven J. Bushinsky, Esquire
       W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; TRUSTEES OF PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; AND INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711, | Civil Action No.: **COMPLAINT TO ENFORCE SETTLEMENT AGREEMENT AND JUDGMENT NOTE** |
| *Plaintiffs,* v. ARCHITECTURAL METAL & GLASS SOLUTIONS, LLC, *Defendant.* | |

Plaintiffs, by and through undersigned counsel, state as follows:

## JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to Sections 502(e)(1) and (f) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively, and §301 of the Labor Management Relations Act ("LMRA"), and 29 U.S.C. §185; and 28 U.S.C. §1331.

2.     This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. §185 because the Trust Funds are administered in the State of New Jersey, the breach took place in New Jersey, and Defendant maintained or maintains a principal place of business in the State of New Jersey.

3.     A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4.     Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund ("Health Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and Collective Bargaining Agreement(s) ("CBA") in

2

accordance with Section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5). The Health Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3(37) of ERISA 29 U.S.C. §1002(37).

5.     Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund ("Vacation Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBA(s) in accordance with section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5). The Vacation Fund is an employee benefit plan within the meaning of section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3 (37) of ERISA 29 U.S.C. §1002(37).

6.     Plaintiffs, Trustees of Painters District Council 711 Finishing Trades Institute ("FTI") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBA(s) in accordance with section 302 (c)(5) of LMRA, 29 U.S.C. §186(c)(5). The FTI is an employee benefit plan within the meaning of Section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of Section 3 (37) of ERISA 29 U.S.C. §1002(37).

7.     Plaintiffs, International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, International Union of Painters and Allied

3

Trades District Council 711 Vacation Fund; and Painters District Council 711

Finishing Trades Institute (collectively "Funds") maintain their principal place of

business at 27 Roland Ave, Suite 200, Mt. Laurel, New Jersey 08054.

8.      The Funds are also the collecting agent for the Labor Management

Cooperation Initiative ("LMCI"), National Finishing Trades Institute of New

Jersey ("N-FTI"), Industry Advancement Fund ("IAF"), the Political Action

Committee ("PAC"), Safety Training Recognition Awards Program ("Stars"), the

Job Targeting Program ("Job Targeting"), and Political Action Together ("PAT").

9.      The Funds are authorized to sue in their own names pursuant to

Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

10.     The Trustees of the Funds are fiduciaries within the meaning of

Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

11.     The Funds bring this action on behalf of their Trustees, committee

members, participants and beneficiaries pursuant to Section 502 of ERISA, 29

U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

12.     Plaintiff International Union of Painters and Allied Trades District

Council 711 (the "Union") brings this action for dues check-offs and other

contributions owed pursuant to the CBA(s).

13.     The Union is a labor organization within the meaning of Section 301

of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4),

4

and represents employees in an industry affecting commerce.

14.    The Union maintains it principal place of business at 26 East Fleming Pike, Hammonton, New Jersey 08037.

15.    Defendant, Architectural Metal & Glass Solutions, LLC ("Architectural") is referred to as "Defendant" or "Employer" and "Party in Interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was or is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

16.    Upon information and belief, Defendant Architectural maintained or maintains its principal place of business at 1 Executive Drive, Toms River, New Jersey 08755.

17.    Defendant Architectural conducted or conducts business in the State of New Jersey.

## COUNT ONE

18.    The Funds incorporate the allegations in Paragraphs 1 through 17 of this Complaint as if set forth herein in their entirety.

19.    At all relevant times, Defendant Architectural was and is a corporation doing business in the State of New Jersey as an employer with the meanings of sections 3 (5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) & 1145, and was and is an employer in an industry affecting commerce within the meaning of

5

section 301 of LMRA, 29 U.S.C. §185.

20.    At all relevant times Defendant Architectural and the Union entered into a Collective Bargaining Agreement ("CBA") establishing the terms and conditions of employment for represented employees of Architectural pursuant to the work jurisdiction provisions of the CBA within a specified geographical area.

21.    The CBA provides that Defendant Architectural must make specified fringe benefit contributions to the Funds, and withhold and forward specified dues check-offs and other contributions to the Union for each hour of work as required by the CBA for Defendant Architectural's represented employees.

22.    The foregoing CBA was executed by Anjennette Panebianco, President of Defendant Architectural.  A copy of the CBA and signature page is attached hereto as *Exhibit "A"*.

23.    Despite their contractual obligation, and though they reaped the benefit of the labor provided by their employees, Defendant Architectural failed to remit the required contributions to the Fund for the benefit of their employees.

24.    Such delinquencies constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

25.    Failure to pay the delinquencies enumerated in the CBA is violative of 29 U.S.C. §1145.

26.    Prior to this litigation, the parties engaged in settlement negotiations,

6

which negotiations resulted in the execution of a Settlement Agreement and
Judgment Note ("Agreement"). This Agreement was executed by Anjennette
Panebianco, President of Defendant Architectural on August 16, 2018. A copy of
the Settlement Agreement and Judgment Note is attached hereto as ***Exhibit "B"***.

27.    As detailed in the parties' Settlement Agreement, the amount owed to
Plaintiff Funds is $9,732.43, which is comprised of delinquent contributions of
$9,613.88, and interest in the amount of $118.55. See ***Exhibit "B"***.

28.    Defendant Architectural agreed to pay the total sum of $9,732.43 by
way of five (5) monthly installment payments to be paid pursuant to the payment
schedule contained in the Agreement.

29.    Defendant Architectural remitted the first installment payment in the
amount of $1,000.00 but Defendant Architectural's check was returned by the bank
for insufficient funds. A copy of Architectural's returned check is attached as
**Exhibit "C"**.

30.    No further payments were remitted, in whole or in part, by Defendant
Architectural.

31.    Pursuant to Paragraph 10 of the parties' Settlement Agreement the
Funds notified Defendant Architectural of their breach of the Agreement and
Defendant Architectural had ten (10) business days to cure the breach. Copies of
the Plaintiff Funds' counsel's letter and email to Defendant Architectural is

7

attached hereto as *Exhibit "D".*

32. Pursuant to paragraph 5 of the parties' Settlement Agreement, if payments are not received when due, Plaintiff Funds are authorized to proceed to the entry of a Judgment in the amount of $9,732.43, less any payments made ($0.00) under the parties' Settlement, for a total balance due of **$9,732.43.**

33. By executing a Settlement Agreement and Judgment Note with Plaintiff Funds, Defendant Architectural agreed to be bound by its terms.

34. By the clear and unambiguous terms of the Settlement Agreement and Judgment Note, Defendant Architectural was obligated to remit $9,732.43 to the Funds to satisfy its contribution delinquencies.

35. As of the date of this filing, Defendant Architectural has only remitted one (1) payment which was returned by the bank for insufficient funds. See **Exhibit "C"**.

36. Defendant Architectural's failure to remit payments as required by the parties' Settlement Agreement and Judgment Note constitutes a breach of the clear and express terms of the parties' Agreement.

37. Defendant Architectural's failure to comply with the terms of the parties' Settlement Agreement and Judgment Note has harmed Plaintiff Funds.

38. Because Defendant Architectural breached the clear and express terms of the parties' Settlement Agreement and Judgment Note, Plaintiffs Funds are

permitted to pursue the original amounts of the respective contributions, as well as

interest and liquidated damages, less any payments that have been remitted to date.

| Settlement Agreement | $9,732.43 |
|---|---|
| Less payment received | $0.00 |
| **TOTAL AMOUNT DUE** | **$9,732.43** |

**WHEREFORE**, Plaintiff Funds respectfully request the following relief:

(A)  Enter Judgment against Defendant Architectural, for breaching

the clear and express terms of the parties' Settlement Agreement and Judgment

Note; and

(B)  Order Defendant Architectural to pay the amount of **$9,732.43**,

the total amount of the remaining outstanding contributions and interest owed to

the Fund; and

(C)  Order Defendant Architectural to pay Plaintiff Funds' counsel

fees and costs incurred in the initiation of these proceedings; and

(D)  Order such other and further relief as this Court may deem just

and appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____

W. Daniel Feehan, Esquire
1526 Berlin Road
Cherry HIll, NJ 08003
856-795-2181.856-795-2182
dfeehan@obbblaw.com

Dated: October 5 , 2018